# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VALERIE L. SOUTHALL,
              Appellant,

        v.

DEPARTMENT OF THE INTERIOR,
              Agency.

DOCKET NUMBER
SF-3443-16-0137-I-1

DATE: August 9, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Valerie L. Southall, Carmichael, California, pro se.

Daniel T. Raposa, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant applied for the GS-5 position of Legal Assistant at the agency. Initial Appeal File (IAF), Tab 1. On November 9, 2015, she received notice that she had been selected; however, the following day, Human Resources personnel notified her that the selection was an error. *Id*. The appellant appealed the agency's cancellation/nonselection action. *Id*. The administrative judge found that the appellant failed to show that the appointment authority had actually selected her. IAF, Tab 17, Initial Decision (ID) at 5. The administrative judge also found that, even if an appointment authority selected her, the appellant failed to show that she took any action accepting the position or that she ever performed the duties of the position. ID at 5. Thus, she found no error in the cancellation/nonselection action, and she dismissed the appeal for lack of Board jurisdiction.

¶3 In her petition for review, the appellant stated that she has filed a complaint with the Office of Special Counsel (OSC) and asks that the Board not issue a decision until OSC issues a decision or closes out her case. Petition for Review File, Tab 1.

¶4 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). To establish Board

jurisdiction over the cancellation of a promotion or appointment, the appellant must show that: (1) the promotion or appointment was approved by an authorized official aware that she was making the promotion or appointment; (2) the appellant took some action denoting acceptance of the promotion or appointment; and (3) the promotion or appointment was not revoked before the appellant performed in the position. *Marrero v. Department of Veterans Affairs*, 100 M.S.P.R. 424, ¶ 7 (2005), *overruled on other grounds by Deida v. Department of the Navy*, 110 M.S.P.R. 408, ¶ 16 (2009).

¶5      Here, we agree with the administrative judge that the appellant failed to show that the appointment was approved by an authorized official. Also, the administrative judge properly found that the appellant failed to show that she took any action denoting acceptance of the position, and/or that she ever performed the duties of the position. The record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility. As a result, we find no basis to disturb the administrative judge's determination that the Board lacks jurisdiction over this appeal. ID at 3‑5; *e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105‑06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶6      Despite the general lack of Board jurisdiction over a nonselection, an appellant may appeal a nonselection for a position by other statutory means, such as through an individual right of action (IRA) appeal. *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007). An individual who files a complaint with OSC alleging retaliation for whistleblowing may file an IRA appeal with the Board upon receiving notice from OSC that it has terminated its investigation, or upon the expiration of 120 days after the complaint was filed if

OSC has not notified the individual that it will seek corrective action on her behalf. 5 U.S.C. § 1214(a)(3); *Kochanoff v. Department of the Treasury*, 98 M.S.P.R. 405, ¶ 6 (2005). Here, the appellant has shown that she filed a complaint with OSC on January 12, 2016, that 120 days have passed since she filed her complaint, and that she wishes to proceed with an IRA appeal.

¶7      Accordingly, we forward the appellant's allegation of whistleblower reprisal to the Western Regional Office for docketing and adjudication as an IRA appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional        information        is        available        at        the        court's

website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                    _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.